NO. 07-06-0316-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 7, 2007

______________________________

FREDERICK JOHNSON, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411,658; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Frederick Johnson (appellant) appeals from a judgment under which he was convicted of failure to stop and render aid.  Appellant’s appointed counsel filed an 
Anders
 brief, representing to us that she believed the appeal was meritless and moved to withdraw.
(footnote: 1)  Appellant was then informed, by his counsel and this court in writing, of his right to review the record and file a 
pro se
 brief.  The deadline by which he had to submit the 
pro se
 brief was January 29, 2007.  To date, we have not received such a brief.  We affirm.

With regard to the 
Anders
 brief, appellant’s counsel stated that she diligently reviewed the record and that, in her opinion, it reflected no reversible error.  However, she did assert two arguable grounds of error.  They concerned 1) the sufficiency of the evidence to support conviction and 2) ineffectiveness of trial counsel.  Having compared these issues to the record and applicable law, counsel found them meritless.

Furthermore, we conducted an independent review of the record and find that the record indicates that 1) appellant was properly indicted and represented by legal counsel, 2) legal counsel filed numerous motions in preparation of trial and 3) nothing of record indicated that appellant’s counsel had not adequately prepared for trial.  So too does the record contain evidence substantiating his guilt of the crime, and the punishment levied was within the range provided by statute.  These circumstances lead us to conclude that no reversible error exists in this cause. 

Accordingly, 
counsel's motion to withdraw is granted, and the trial court's judgment is affirmed.

Brian Quinn 

          Chief Justice

 

Do not publish. 

 

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).